UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH HARVEY,

    Petitioner,

vs.

D. K. SISTO, Warden,

    Respondent.

No. C 07-4229 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

    Petitioner, a California prisoner currently incarcerated at California State Prison-Solano, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

    Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

    A jury convicted petitioner of murder and being an ex-felon in possession of a firearm. He was sentenced to prison for fifty-two years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. He also has filed state habeas petitions, all of which were denied.

## DISCUSSION

**A.    Standard of Review**

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) his due process rights were violated when the prosecutor proceeded on a felony-murder theory which had not been part of the case; (2) his due process rights were violated by the court's instructing the jury on robbery and aiding and abetting; (3) there was insufficient evidence to support the conviction; (4) his right to effective assistance of counsel was violated when the trial court would not appoint substitute counsel to file a motion for new trial on ineffective assistance grounds; (5) his counsel was ineffective at trial; and (6) the prosecutor committed misconduct by falsely stating that one of the guns found at petitioner's house was the victim's.  These contentions are sufficient to require a response.

**C.    Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately in the petition, and they are not particularly complex.  The interests of justice do not require appointment of counsel.  The motion for appointment of counsel will be denied.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket is **GRANTED**.  Petitioner's motion for appointment of counsel (document 3) is **DENIED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 21, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\HARVEY229.OSC.wpd

3